# Exhibit 1

Case 1:05-cv-01882-RCL    Document 12-4    Filed 06/30/2006    Page 1 of 8

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MELISSA KELLEY )
161 North Street )
N. Weymouth, MA 02191 )
) 05-0007212
Plaintiff, )
v. ) CIVIL ACTION NO. _____
)
ELI LILLY AND COMPANY )
Lilly Corporate Center, Indianapolis, IN 46285 )
w/s/o NATIONAL REGISTERED AGENTS, INC. )
1090 Vermont Avenue, NW, #910 )
Washington, DC 20005 )
)
Defendant. )

RECEIVED
Civil Clerk's Office
SEP 0 8 2005
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
(DES Litigation – Products Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
(Negligence)

3. In or about 1970 and 1971, during her pregnancy with Melissa Kelley, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts. Her physician prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations with resulting infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of One Million Dollars ($1,000,000.00), plus costs in compensatory damages and One Million Dollars ($1,000,000,00), plus costs in punitive damages.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____
Aaron M. Levine



**AARON M. LEVINE & ASSOCIATES**
FIFTH FLOOR
1320 NINETEENTH STREET, N.W.
WASHINGTON, D.C. 20036

Eli Lilly and Company
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o National Registered Agents
1090 Vermont Avenue, NW #910
Washington, DC 20005

7003 2260 0000 9625 7410

CERTIFIED MAIL

02 1P
0002549265   SEP 08 2005
$ 004.65⁰
MAILED FROM ZIP CODE 20036
PITNEY BOWES
UNITED STATES POSTAGE