# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA KELLEY, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION No. 05-CV-1882 (RCL) |
| ] | |
| ELI LILLY AND COMPANY, ] | |
| ] | |
| Defendant. ] | |

## PLAINTIFF MELISSA KELLEY'S ANSWERS TO DEFENDANT ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES

1. Please state your full legal name, your social security number and your date and place of birth, including the name and address of the hospital at which you were born, if any. If you have ever been known by any other name or names, please state each such name and where and when such other name was used.

ANSWER:  a.  Melissa Kelley

b.  SSN: 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

c.  DOB: 8/24/71

d.  Boston Hospital for Women, Lying-In Division
Boston, MA

e.  Melissa Elman (1971 - 2003)
Melissa Kelley (2003 - present)

2. Please state your present residential address and all former residential addresses and the inclusive dates for each.

ANSWER:  a.  161 North Street
North Weymouth, MA 02191
(2002 - present)

b.  500 North Quincy Street
Abington, MA 02351

(1997 - 2002)

  c. 16 McDonnell Drive
   Randolph, MA 02368
   (1971 - 1997)

 3. Please state your marital status. If married, please state your spouse's full legal name, his residential address and the date of your marriage. If formerly married, for each spouse, please state his full legal name, his present residential address, the date of your marriage, the date of its termination, and the method by which it was terminated (e.g., annulment, divorce, death of spouse).

**ANSWER:** a. Married

    b. Dennis Neil Kelley

    c. 161 North Street, North Weymouth, MA 02191

    d. Date of Marriage: 5/10/03

 4. Please state the full legal name of each of your parents, including your mother's maiden name, their places and dates of birth and their current residential address or addresses. If either of your parents is deceased, please state the date, place and cause of death.

**ANSWER:** a. Mother: Roberta Marlene Elman

     i. Roberta Marlene Loomis

     ii. DOB: 2/25/41

     iii. Place of Birth: Boston, MA

     iv. Address: 16 McDonnell Drive, Randolph, MA 02368

    b. Father: Murray Elman

     i. DOB: 4/1/37

     ii. Place of Birth: Boston, MA

     iii. Address: 16 McDonnell Drive, Randolph, MA 02368

 5. Please state the address of each residence of your mother for the period beginning five years prior to the date of birth of your mother's first child through the present.

ANSWER:   a.   19 Ormond Street
                Mattapan, MA
                (1961 - 1965)

          b.   16 McDonnell Drive
                Randolph, MA 02368
                (1965 - present)

6.   If you contend that your mother took diethylstilbestrol ("DES" or "stilbestrol") during her pregnancy with you, please state the name and address of each physician who prescribed it; if any physician who prescribed DES is deceased, please state the name and address of the current custodian of his or her medical records; and please state the purpose for which the drug was prescribed.

ANSWER:   a.   Leonard E. Safon, M.D., now deceased.

          b.   Current custodian of medical records unknown.

          c.   Diethylstilbestrol prescribed to prevent miscarriage.

7.   Please identify, by name and address, each pharmacy or other supplier that dispensed the DES allegedly ingested by your mother while pregnant with you. If you do not know the name of the pharmacy, please state the name and address of each pharmacy or retail drug outlet that was patronized by your mother or father during the twelve months that preceded your birth.

ANSWER:   Plaintiff's mother's recollection is that she purchased the DES at Drug Fair located at Memorial Drive in Randolph, MA. Plaintiff reserves the right to supplement this answer as discovery progresses.

8.   Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, and any markings that may have appeared on the product.

ANSWER:   Small, white pill. Dosage unknown. Plaintiff reserves the right to supplement this response as discovery progresses.

9.   Please set forth all information you have concerning the identity of the manufacturer or supplier of the DES your mother allegedly ingested while pregnant with you. State all facts upon which you base this identification, including, if known, but not limited to, the

trade, generic, or brand name of the DES you allege your mother ingested. Identify by name and address all witnesses with personal knowledge of these facts.

**ANSWER:** Statements of Steven Baker and James Grobman, along with marketing materials such as PDR, Matrix, pill identification tables, Lilly wholesaler documents, etc. In addition, see previously produced Statements of Harold Sparr and James P. DellaVolpe. Plaintiff reserves the right to supplement this answer as discovery progresses.

10. Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortiously in the manufacture or distribution of DES or in the warnings about the use of DES.

**ANSWER:**
a. Plaintiff first became aware that her mother took DES during her pregnancy with her in approximately 1986.

b. Malformed uterus, fallopian tubes, and cervix was diagnosed in March 2005.

c. April 2005 was the first date Plaintiff believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortiously in the manufacture or distribution of DES or in the warnings about the use of DES.

11. Please state the names and last known addresses of any attorneys with whom you have ever discussed or exchanged information regarding your injuries, DES in general, or Lilly. State the approximate dates of each such discussion or exchange of information.

**ANSWER:** None, other than my present attorneys who were retained in May 2005.

12. Please state the number of pregnancies that your mother has had, and for each such pregnancy that your mother has had, please state the approximate date the pregnancy began; the name and address of each physician, clinic, hospital or other health care professional or facility who treated your mother during that pregnancy; the identities of any drugs prescribed to or taken by your mother during that pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., spontaneous abortion, voluntary abortion, stillborn delivery, live birth); and if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

**ANSWER:** To the best of plaintiff's knowledge, plaintiff's mother has had five pregnancies

as follows:

    a.    LMP approx. 5/63. Live birth of Randi Elman, now Rooslet, on 3/1/63. Provider: Dr. David Weintraub, Beth Israel Hospital. Randi Rooslet currently resides at 3 Bartelli Road, Lakeville, MA 02347. Vitamins prescribed during the pregnancy.

    b.    LMP approx. 1/65. Live birth of Steven Elman on 10/22/65. Provider: Dr. David Weintraub, Beth Israel Hospital. Steven Elman currently resides at 33 Cherry Blossom Path, East Bridgewater, MA 02333. Vitamins prescribed during the pregnancy.

    c.    LMP unknown. Early miscarriage in 1969. Provider: Dr. Leonard E. Safon. No medications prescribed during the pregnancy.

    d.    LMP 7/22/70. Incomplete abortion requiring dilatation and curettage on 8/9/70. Provider: Dr. Leonard E. Safon, Boston Hospital for Women, Lying-In Division. Vitamins prescribed during the pregnancy.

    e.    LMP 11/19/70. Live birth of Melissa Elman, now Kelley, on 8/24/71. Provider: Dr. Leonard E. Safon, Boston Hospital for Women, Lying-In Division. Diethylstilbestrol, Delalutin, and vitamins prescribed during the pregnancy.

13.    Please describe in detail each and every physical or emotional injury you claim to have experienced as a result of exposure to DES and for each such injury, please state the date of its diagnosis; identify by name and address each health care provider (e.g., physician, psychiatrist, psychologist, clinic, hospital, other health care or mental health professional or facility) that has examined, diagnosed or treated you, or been consulted with regard to each such injury; and describe in detail the treatment rendered by each such health care provider.

**ANSWER:**    Plaintiff claims that the following effects are causally related to her in utero exposure to DES:

    a.    Small and narrow uterus, diagnosed on 3/24/05 by Brian Berger, M.D., Boston IVF, 2300 Crown Colony Drive, Quincy, MA 02169;

    b.    Bilateral tubal abnormalities, diagnosed on 3/24/05 by Brian Berger, M.D.;

    c.    Severe cervical stenosis, diagnosed on 3/24/05 by Brian Berger, M.D.;

    d.    Flushed cervix, diagnosed on 3/24/05 by Brian Berger, M.D.;

    e.    Infertility, diagnosed on 3/24/05 by Brian Berger, M.D.; and

 f. Depression and impaired relationship with spouse complicated by anger, resentment, and disappointment.

All of the aforementioned injuries have resulted in Plaintiff proceeding with gestational surrogacy with its concomitant extraordinary expenses.

 14. Please identify by name and address each physician, psychiatrist, psychologist, clinic, hospital or other health care or mental health professional or facility that has rendered any medical examination, diagnosis, consultation, advice or treatment to you for any health problem, emotional problem or injury other than those which you allege are related to diethylstilbestrol.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad, burdensome and irrelevant, nor will it lead to the discovery of any relevant information pertaining to Plaintiff's claims. In addition, Plaintiff objects to any health care provider not relevant to her gynecological or associated conditions. Without waiving said objection, the following have provided GYN consultation and/or examinations within the past ten years:

 a. Jonathan Niloff, M.D.
   330 Brookline Avenue #330
   Boston, MA 02215

   Dates of Treatment: 1991 - 1998

 b. Maria Gluch, M.D.
   10 Forbes Road
   Braintree, MA 02184

   Dates of Treatment: 1999 - 2002

 c. Sandra Dayaratna, M.D.
   10 Forbes Road
   Braintree, MA 02184

   Dates of Treatment: 2003 - 2004

 d. Kristin Keefe, M.D.
   1153 Centre Street
   Suite 35
   Boston, MA 02130

Dates of Treatment: 2004

15. Please state the number of pregnancies that you have had and for each pregnancy, please state the approximate date the pregnancy began; the name and address of each health care provider (e.g., physician, clinic, hospital, or other health care professional or facility) who examined or treated you during your pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., live birth, spontaneous abortion, voluntary abortion, stillborn delivery); and, if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

ANSWER: Not applicable as Plaintiff has not been able to conceive.

16. Please state all means (including, without limitation, natural conception, IUI, and IVF) through which you have attempted pregnancy, including the date ranges of these attempts; and identify by name, address, and date range each partner with whom you made such attempts.

ANSWER: Plaintiff and her husband first attempted pregnancy in 2003. See Plaintiff's medical records produced in response to Defendant's Request for Production No. 1.

17. Please identify by name, address, and date(s) of treatment each physician, clinic, hospital, or other health care provider that has rendered any medical examination, diagnosis, consultation, advice or treatment to you in connection with your attempts at pregnancy.

ANSWER: See Plaintiff's Answer to Interrogatory Nos. 13 and 14.

18. If you claim to have suffered or claim you will suffer a loss of earnings as a result of the injuries alleged, state from whom such earnings would have been payable, the total amount of the alleged loss and state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

ANSWER: Plaintiff is not making a claim for loss of earnings at this time.

19. State separately the total amounts, including future amounts, if any, claimed by you as special damages for: (a) services provided by any health care or mental health care provider (including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers and nurses); (b) hospital services; and (c) medical supplies.

ANSWER: A listing of Plaintiff's special damages will be provided upon receipt and compilation.

20. Please state the full name, present business address, area of expertise and professional training of each person expected to testify as an expert witness at trial, state the

subject matter on which the expert is expected to testify, state the substance of the findings and the opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion and identify any and all written reports made by each such expert concerning his or her findings and opinions.

**ANSWER:** Plaintiff has not yet completed discovery, nor decided upon her experts, but is considering calling the following:

    a.    Harris Busch, M.D., Ph.D.
            Baylor Department of Pharmacology
            1 Baylor Plaza, Room 319D
            Houston, TX 77030

Dr. Busch is an expert in the field of Pharmacology and Toxicology, and is expected to testify as to state of the art. Specifically, Dr. Busch will testify that Lilly failed to adequately test for the safety of DES.

    b.    Richard Falk, M.D.
            1588 Lancaster Green
            Annapolis, MD 21401

Dr. Falk's testimony will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician-Gynecologist at the time.

    c.    Brian Strom, M.D., M.P.H.
            University of Pennsylvania Medical Center
            Department of Epidemiology & Biostatistics
            824 Blockley Hall, 423 Guardian Drive
            Philadelphia, PA 19104

Dr. Strom is an expert in the field of Epidemiology and is expected to testify that Plaintiff's reproductive tract and anatomic anomalies are causally related to her in utero DES exposure which places her at high risk for poor pregnancy outcomes, infertility, and preterm delivery.

    d.    Harold Sparr, R.Ph., M.S.

210 Nahanton Street
Unit 121
Newton, MA 02459

Mr. Sparr is an expert in retail pharmaeconomics, pharmacy history, practice and procedure, including brand identification, who will testify that based on his experience, study and research, that Eli Lilly and Company had 95% of the diethylstilbestrol market at the relevant time of exposure in this case. A copy of Mr. Sparr's statement has previously been provided.

Plaintiff reserves the right to supplement this answer as discovery progresses.

21. Please identify all other persons having personal knowledge of any of the facts bearing on your claim, and for each such person state his or her address, telephone number and relationship to you, if any.

**ANSWER:** None, other than any of the aforementioned persons. Plaintiff reserves the right to supplement this answer as discovery progresses.

22. If your attorney, or any one acting on your behalf, has obtained statements in any form from any person concerning any of the events that occurred in regard to the facts alleged in your Complaint, please identify any such person; state the date on which his or her statement was taken; identify the person or persons who took the statement; identify the person currently in custody of the statement; and state whether the statement was oral or written, and, if oral, whether and in what manner it was recorded.

**ANSWER:** My attorneys are in possession of the Statements of Steven Baker and James Grobman. Plaintiff reserves the right to supplement this answer as discovery progresses.

The information contained in these answers as well as the word usage, sentence structure and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: 10/27/05          _____
                         MELISSA KELLEY, Declarant

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2005, a true and correct copy of the foregoing Plaintiff Melissa Kelley's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories was served via first class, postage prepaid, U.S. Mail, on counsel for Defendant:

James J. Dillon, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Lawrence H. Martin, Esq.
FOLEY HOAG LLP
1875 K Street, N.W.
Suite 800
Washington, D.C. 20006

_____
Aaron M. Levine