IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN LYNNE HANSCH,

        Plaintiff,

  v.

ELI LILLY & CO.,

        Defendant.

No. C 04-00122 CW

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Eli Lilly and Company moves for summary adjudication of the claims of Plaintiff Susan Lynne Hansch on the grounds that she has presented no genuine issue of material fact with respect to causation and her claims are barred by the applicable statute of limitations. Plaintiff opposes this motion. The matter was heard on January 14, 2005.

Having considered all of the papers filed by the parties and oral argument on the motion, the Court denies Defendant's motion in part. The Court finds that disputed issues of material fact exist as to the statute of limitations. Based on the heeding presumption, disputed issues of material fact exist as to whether Plaintiff's injuries were caused by Defendant's failure to warn. However, as counsel for Plaintiff conceded at the hearing, Plaintiff may not proceed on a breach of express warranty claim under the market-share theory of causation.

Defendant's motion is therefore granted with respect to Plaintiff's cause of action for breach of express warranty. Further, Plaintiff may not proceed on a theory of strict liability for failure to warn of risks or defects inherent in diethylstilbestrol unless Plaintiff can show that Eli Lilly "knew nor could have known by the application of scientific knowledge available at the time of distribution that the drug could produce the undesirable side effects suffered by [Plaintiff]." Brown v. Superior Court, 44 Cal. 3d 1049, 1065 (1988).

IT IS SO ORDERED.

Dated: 1/25/05                    /s/ CLAUDIA WILKEN

CLAUDIA WILKEN
United States District Judge