# Appendix 14

1  James M. Wood (State Bar No. 58679)
   James M. Neudecker (State Bar No. 221657)
2  REED SMITH LLP
   1999 Harrison Street, Suite 2400
3  Oakland, CA 94612-3572

4  Mailing Address:
   P.O. Box 2084
5  Oakland, CA 94604-2084

6  Telephone:   510.763.2000
   Facsimile:   510.273.8832
7
   Attorneys for Defendant
8  Eli Lilly and Company, a corporation

9

10            SUPERIOR COURT OF CALIFORNIA - CITY AND COUNTY OF SAN FRANCISCO

11

12  JANINE MISKULIN,                      | No. CGC 03-418517
13              Plaintiff,                | Before the Honorable James L. Warren
14      vs.                               | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY, A CORPORATION'S MOTION FOR SUMMARY JUDGMENT**
15  ABBOTT LABORATORIES, et al.,          |
16              Defendants.               |
17                                        | Compl. Filed:  March 19, 2003
                                          | Trial Date:    February 14, 2006
18                                        |
                                          | Hearing Date:  July 25, 2005
19                                        | Hearing Time:  9:30 a.m.
                                          | Hearing Location: Department 301
20

21

22

23

24

25

26

27

28

DOCSOAK-9768523.1-JNEUDECKER 4/28/05 9:37 AM

Memorandum Of Points And Authorities In Support Of Defendant Eli Lilly And Company, A Corporation's Motion For Summary Judgment

## I.

## INTRODUCTION

In this personal-injury action against Eli Lilly and Company, a corporation ("Lilly") and other manufacturers of the prescription medicine diethylstilbestrol ("DES"), plaintiff Janine Miskulin alleges that her mother's use of DES while pregnant with plaintiff some 40 years ago caused plaintiff to develop various injuries. For at least two reasons, however, Lilly is entitled to summary judgment. First, plaintiff cannot prove that the physicians who allegedly prescribed DES to her mother did so in reliance on any representations, warnings or product literature provided by Lilly. Second, and more fundamentally, plaintiff cannot prove that her mother was prescribed DES in the first place. For either reason, plaintiff is unable to prove causation, a necessary element of each of her causes of action.

Plaintiff will likely attempt to overcome her inability to prove her mother was prescribed DES by relying on her mother's "memory" of a bottle-label with the words "diethylstilbestrol" and "Lilly" on it, as well as her experts' testimony that plaintiff's injuries are consistent with in utero exposure to DES. Plaintiff's mother's testimony is insufficient to enable this case to proceed because it is inadmissible hearsay and is so obviously the result of coaching from her daughter's attorney that the Court should discard it as inherently unreliable. As for plaintiff's experts, the most they can opine to is that plaintiff's injuries are consistent with exposure to one of dozens of synthetic estrogens, though not necessarily diethylstilbestrol. Thus, the most plaintiff can prove is a possibility that she might have been exposed to diethylstilbestrol in utero. Mere possibilities, however, do not suffice as evidence of exposure.

Plaintiff's counsel (as he has done in numerous other DES cases) also likely lament that because most DES cases involve events that occurred 40 years before the lawsuit is filed, the Court should relieve plaintiff from the evidentiary burden that other personal-injury plaintiffs must

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

DOCSOAK-9768523.1-JNEUDECKER 4/28/05 9:37 AM

Memorandum Of Points And Authorities Supporting Defendant Eli Lilly's Motion For Summary Judgment