# Appendix 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE TAIT and STEVEN TAIT,<br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-cv-2082<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT ELI LILLY AND COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56 (c), and as set forth more fully in Defendant Eli Lilly & Company's ("Lilly") Memorandum in Support of its Motion for Summary Judgment, Lilly moves for summary judgment as to all of plaintiffs' claims on the ground that there is no genuine issue as to any material fact raised by plaintiffs' claims and Lilly is entitled to judgment as a matter of law. Specifically, Lilly is entitled to summary judgment because plaintiffs cannot prove that Michelle Tait was exposed to diethylstilbestrol. Even if plaintiffs could establish Michelle Tait was exposed to diethylstilbestrol, plaintiffs cannot prove it was manufactured by Eli Lilly and Company, as required by Texas law, applicable in this case. Finally, even if plaintiffs could establish that Michelle Tait was exposed and that Lilly manufactured the diethylstebestrol at issue in this case, plaintiffs cannot establish that different warnings would have prompted the prescribing physician to alter his decision to prescribe it to Michelle Tait's mother.

1989233v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE TAIT and STEVEN TAIT,<br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)    C.A. No. 05-cv-2082<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

#### INTRODUCTION

This is a products liability action allegedly involving the prescription drug diethylstilbestrol ("stilbestrol" or "DES"), an unpatented synthetic estrogen used for decades to treat a variety of conditions, including the treatment of some types of cancer and some accidents of pregnancy. On July 16, 2004, plaintiffs Michelle and Steven Tait ("plaintiffs") filed this action against Eli Lilly and Company ("Lilly"), alleging Michelle Tait's mother, Alberta Jean Steffen, ingested DES during her pregnancy with Michelle Tait in 1968-69 and that, as a result, plaintiff sustained certain alleged injuries. Lilly now moves for summary judgment because the undisputed facts and relevant law establish that plaintiffs' claims fail as a matter of law.

First, Texas law requires that plaintiffs prove that Michelle Tait was exposed to DES. Plaintiff, however, has no admissible evidence that her mother ingested DES during her pregnancy with plaintiff. Plaintiff has identified no pharmacy, medical or other records showing that plaintiff's mother, Mrs. Steffen, took DES during her pregnancy with plaintiff. Instead, plaintiff offers inadmissible hearsay testimony that her mother was prescribed DES during her pregnancy with plaintiff. In the absence of admissible evidence that plaintiff was exposed *in*

*utero* to DES, plaintiff cannot prove an essential element of her cause of action and Lilly is entitled to summary judgment.

Second, even if plaintiffs could establish that Mrs. Steffen ingested DES during her pregnancy with plaintiff Michelle Tait, under Texas law, plaintiffs must offer admissible evidence to meet their burden of proving that Lilly manufactured the DES allegedly ingested by Mrs. Steffen. Plaintiffs have identified no such evidence. Therefore, plaintiffs cannot raise a question of fact for trial as to whether Lilly manufactured any DES Mrs. Steffen allegedly ingested, and Lilly is entitled to judgment as a matter of law on this basis alone.

Finally, even if plaintiffs could identify the manufacturer of the DES Michelle Tait's mother claims to have ingested, plaintiffs cannot prove that a different warning would have changed her physician's decision to prescribe her DES.

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1. Plaintiffs allege Michelle Tait's mother, Alberta Jean Steffen, ingested DES during her pregnancy with Michelle Tait in 1968-69 and that, as a result, plaintiff sustained certain injuries.[1] (Plaintiffs' Complaint, ¶¶ 3,4; Plaintiff Michelle Tait's Answers to Defendant's First Set of Interrogatories, Nos. 12, & 13, excerpts attached hereto as **Exhibit 1**.)

2. Plaintiff Michelle Tait's mother, Alberta Jean Steffen ("Mrs. Steffen"), was pregnant with plaintiff in 1968-69 in Houston, Texas. (Exhibit 1, Nos. 5, 12.)

3. Plaintiffs allege that Dr. Edwin Straussman prescribed DES for plaintiff Michelle Tait's mother during her pregnancy with her. (Exhibit 1, No. 6.)

---

[1] For purposes of this motion only, Lilly does not contest Michelle Tait's allegations and testimony cited herein, including her allegation that she sustained injuries she alleges were caused by DES exposure. However, if this action is not disposed of by this motion for summary judgment, Lilly will present evidence at trial and contend, among other things, that plaintiff has failed to prove that her alleged DES exposure caused her to sustain any injuries. In particular, Lilly will present expert testimony, evidence from the medical records, and other evidence that plaintiff's medical problems are unrelated to DES exposure.