# Appendix 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY KASPARIAN and RICHARD FEDERICO, JR., <br><br> Plaintiffs <br><br> v. <br><br> ELI LILLY AND COMPANY, et al., <br><br> Defendants. | CIVIL ACTION No. 06-CV-00290 (RMC) |

### DEFENDANT ELI LILLY AND COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Defendant Eli Lilly and Company ("Lilly") moves for Summary Judgment pursuant to Fed. R. Civ. P. 56 on all claims asserted against it by Plaintiffs Joy Kasparian and Richard Federico, Jr. (Counts I through VI) on the ground that there is no genuine issue of material fact and that Lilly is entitled to judgment in its favor as a matter of law.

Lilly is entitled to summary judgment on these counts because Plaintiffs have not and can not come forward with any evidence that Ms. Kasparian's mother's treating and prescribing physician relied on any warnings or statements made by Lilly in deciding to prescribe diethylstilbestrol to Ms. Kasparian's mother.

In further support of its motion, Lilly adopts and incorporates herein its accompanying Memorandum of Points and Authorities (including Statement of Undisputed Facts), and the Affidavit of Ericka Harper Snyder.

WHEREFORE, Lilly moves for the entry of summary judgment in its favor as to Counts I through VI of the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY KASPARIAN and RICHARD FEDERICO, JR., <br><br> Plaintiffs <br><br> v. <br><br> ELI LILLY AND COMPANY, et al., <br><br> Defendants. | CIVIL ACTION No. 06-CV-00290 (RMC) |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**I.    Introduction**

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment on all claims asserted by Joy Kasparian ("Ms. Kasparian") and Richard Federico ("Mr. Federico") (collectively "Plaintiffs"). Each of the claims asserted - negligence, strict liability, breach of warranty, negligent misrepresentation - rest in the end on the alleged inadequacy of Lilly's written product literature and warnings. Each claim asserts that those written materials were read and relied upon by the prescribing doctor - the learned intermediary - and that the doctor would not have prescribed the drug had better written materials been supplied. The crux of the claims, then, is that the only wrong alleged by Lilly is inadequate product literature leading to a prescription for diethylstilbestrol.

Yet Plaintiffs cannot show that the prescribing doctor saw or relied on Lilly's product literature. The pharmaceutical at issue here had been on the market for more than twenty years when it was prescribed in this case. It was never patented, and literally hundreds of companies

sold the drug over that span. At least fifty companies sold it at the time of the prescription. So far as the record goes, that doctor might have prescribed the drug based on his own training and experience, on medical literature, on the standard of care in his community, or based on the product literature promulgated by one of the other companies that made the drug.

On the record, it is not plausible to assume that the doctor based the prescription decision on Lilly's product literature since at the time of the prescription, that Lilly literature did <u>not</u> indicate or suggest use of the drug for pregnancy, the purpose the physician here obviously pursued. Lilly's "indications" for diethylstilbestrol in its product literature were its fulfillment of the statutory requirement that manufacturers of prescription medications provide instructions for physicians on all prescription medications. While it is perfectly acceptable for a physician to prescribe a drug for an FDA-approved use, even if one or more of the companies making the drug did not indicate it for that use, in such cases the physician's decision cannot be based on the alleged inadequacy of the literature of one of these companies, Lilly, that did not suggest that use. Since the only wrong alleged against Lilly is a failure in that literature, Plaintiffs cannot show that the alleged failure was at all a cause of her harm.[1]

Further, while the Complaint also asserts generally that Lilly was negligent in "failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES," those failures, if proved, still relate to Lilly's product literature. Any testing, warning, or report of studies would necessarily be contained in the product literature that is the crux of this claim.

---

[1] Ms. Kasparian alleges that a Lilly product was prescribed to her mother, and that as a result she sustained injuries. Lilly does not concede that a Lilly product was ever prescribed to or ingested by Plaintiff's mother but, in any event, the critical point for liability is whether the prescribing doctor relied on Lilly's warnings and literature in deciding whether to prescribe the generic drug diethylstilbestrol to Plaintiff's mother.

B3305721.3                              - 2 -