UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
MELISSA KELLEY,                      )
                                     )
            Plaintiff,               )
                                     )     Civil Action No. 1:05-CV-01882 (RCL/AK)
      v.                             )     Next Event:
                                     )
ELI LILLY AND COMPANY,               )
                                     )
            Defendant.               )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF RECONSIDERATION OR
AMENDMENT OF THE COURT'S GRANT OF SUMMARY JUDGMENT**

Defendant Eli Lilly and Company ("Defendant" or "Lilly") makes two concessions in its

Opposition to Plaintiff's Motion for Reconsideration:

1)     Defendant concedes its Motion for Summary Judgment did not put product

exposure or product identification in issue.  See Def's Opp., Docket Entry No. 25,  at 1-2 ("Lilly

acknowledges that it did not seek summary judgment on product exposure or product

identification, and does not contest these issues here").

2)     Defendant concedes that, on the heeding presumption, this Court ruled in

Plaintiff's favor.  See Def's Opp., Docket Entry No. 25, at 3.

Therefore, both parties agree that the Court overstepped the issues presented in its

determination that failure of proof regarding exposure and product identification were in issue at

summary judgment and determinative of this case; exposure and product identification were not

before the Court.  Lilly is left with the argument that the Court erred in applying the heeding

presumption as the presumption does not apply in a "generic drug" situation.  That argument has

no support in Massachusetts law, and has been repeatedly rejected in other jurisdictions.

Defendant argues for the second time, as it made the same argument in its original Motion for Summary Judgment, that Plaintiff must show that Dr. Safon relied on its warnings exclusively.  The Court held that Defendant was wrong then, and Defendant is still wrong now.

This issue was first argued almost thirty years ago in Ferrigno v. Eli Lilly and Co., 420 A.2d 1305 (N.J. Super. 1980), where "defendants have argued that if a warning is deemed to be inadequate, it shall be part of plaintiff's burden to establish that the doctor in fact relied on the warning given."  Id. at 1322.  However, this Court correctly found here, like Ferrigno, "[i]n the absence of proof that a physician did not rely on the warnings, it will be presumed that he did."  Ferrigno, 420 A.2d at 1322.  "The failure to give such a warning therefore permits the inference that it would have alerted the user to the danger and forestalled the accident."  Wolfe v. Ford Motor Co., 376 N.E.2d 143, 147 (Mass. App. Ct. 1978).

The heeding presumption is crystalized in cases where the doctor to be warned has died. See Theer v. Philip Carey Co., 628 A.2d 724, 729 (N.J. 1993).  Plaintiff, in her Opposition to Summary Judgment, established that the heeding presumption is regularly invoked in diethylstilbestrol ("DES") cases.  See Plt's Opp., Docket Entry No. 14-1, pg. 10.  This Court correctly found that in this case, where there is no evidence that Dr. Safon would not heed a Lilly warning, the heeding presumption would apply.

Massachusetts courts have explicitly stated that "[a]n adequate warning *is by definition one that would in the ordinary course have come to the user's attention*."  Wolfe, 376 N.E.2d at 147 (emphasis added).  Since Lilly knew its DES was on the market to pregnant women and had been promoted for that purpose for two decades prior to Plaintiff's exposure – as its *Physician's Desk Reference* entry specifically implies – Lilly had a duty to ensure that doctors knew not only of its change in literature, but that such a change meant that its product should not be distributed

2

to pregnant women.    If Lilly takes the position that DES was contraindicated for pregnant women in 1970, it should present evidence of such contraindication, as opposed to the tacit acceptance in its *PDR* entry.

Since Lilly promoted its product to be filled in prescriptions reading "diethylstilbestrol," "DES," or "stilbestrol" for use to prevent miscarriage without making doctors aware that a Lilly product would be dangerous for that purpose, the argument that Lilly was one of many similar products is irrelevant.  In Allen v. The Upjohn Co., 1981 Tenn. App. LEXIS 604 (Tenn. Ct. App. Dec. 30, 1981), the plaintiff had taken three separate brands of the generic drug tetracycline. Even so, all the manufacturers were liable as all of their warnings were inadequate; the prescribing doctor's particular behavior was irrelevant.  Id. at *16 (quoting Sterling Drug Co. v. Cornish, 370 F.2d 82, 85 (8th Cir. 1966)).  In Dalke v. The Upjohn Co., 555 F.2d 245 (9th Cir. 1977), another generic tetracycline case with three brands ingested, the Ninth Circuit found that a doctor could be considered to have been warned by all of the manufacturers as he testified read the *Physician's Desk Reference* entry for one of them, although he could not remember which. 555 F.2d at 249.  No matter how "generic" DES was, Lilly was under a duty to keep their drug from being taken by pregnant women.

Under Massachusetts law, it is "incumbent on the defendant, not plaintiff, to prove that [the prescribing doctor] would not have followed an adequate warning."  Knowlton v. Deseret Medical, Inc., 930 F.2d 116, 123 (1st Cir. 1991).  Massachusetts takes a liberal view regarding the ability of a warning to come to a doctor's attention.    That a new warning might have informed a doctor who might have then communicated it to the prescribing physician is sufficient to raise a question of fact.  See Linnen v. A.H. Robins Co., 11 Mass. L. Rep. 231, 1999 Mass. Super. LEXIS 552 at *12-13 (Mass. Super. Dec. 7, 1999).  Since Lilly's warnings did not

3

make it to Dr. Safon to cause him to prescribe in a way that excluded Lilly's DES, the Court

found that Plaintiff had established that Lilly's warnings were inadequate.  The Court correctly

found that, "absent some negating evidence," which Defendant did not present, the heeding

presumption applies.

Defendant further misstates Massachusetts law.  While Kelly v. Wyeth, No. MICV2003-

03314-B, 2005 Mass. Super. LEXIS 688 (Mass. Super. 2005) did not make a specific statement

that the generic manufacturer was liable, on April 12, 2007, summary judgment was denied for

the generic manufacturer in the same case.  See Kelly v. Wyeth, Opinion No. 97845, 2007 Mass.

Super. LEXIS 136 at *18-19 (Mass. Super. Apr. 12, 2007) (finding a question of fact regarding

plaintiff's failure to warn claim against Teva Pharmaceuticals).  A Massachusetts state court,

applying Massachusetts law, has found that summary judgment is inappropriate in a failure-to-

warn case against a generic drug manufacturer where it is undisputed that the prescribing

physician relied on the information from another company's drug.  That Massachusetts applies

the heeding presumption regarding the warnings of the drug taken is the only rational

interpretation of the result, given that the facts all but preclude actual reliance by the doctor on

the generic manufacturer's literature.  This case is not so different from Kelly that this Court

could predict that Massachusetts would come to a different result.

Defendant argues that Plaintiff cannot rely on authorities where a drug is specifically

prescribed by the doctor.  See Def's Opp., Docket Entry No. 25, at 4, and then argues that

Plaintiff cannot rely on authorities where the doctor specifically prescribed a drug other than the

one taken.  See Def's Opp., Docket Entry No. 25, at 5.  Defendant fails to provide any authority

where that proposition has been accepted, inside or outside of Massachusetts.

Defendant has conceded that it did not question Plaintiff's evidence on exposure or product identification, and that the Court ruled on the heeding presumption in Plaintiff's favor. Defendant now tries to argue that the Court's ruling on the heeding presumption is incorrect. Given Massachusetts's application of the heeding presumption to cases where the doctor's knowledge was seriously in doubt and allowance of cases where the doctor's knowledge was demonstrably on another drug, the heeding presumption would apply to the warnings of the drug actually taken in the present case.

WHEREFORE, for the grounds presented above, the grounds presented in Plaintiff's Motion for Reconsideration, and the reasons presented at oral argument, Plaintiff respectfully requests that the Court reconsider its grant of summary judgment for Defendant and deny Defendant's motion.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES

/s/ Aaron M. Levine
Aaron M. Levine, DC #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
COUNSEL FOR PLAINTIFF