UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
MELISSA KELLEY,                      )
                                     )
         Plaintiff,                  )
                                     )   Civil Action No. 1:05-CV-01882 (RCL/AK)
    v.                               )   Next Event:
                                     )
ELI LILLY AND COMPANY,               )
                                     )
         Defendant.                  )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF
TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR AMENDMENT
OF THE COURT'S GRANT OF SUMMARY JUDGMENT**

Both Plaintiff and Defendant agree that the only issue before the Court at summary judgment was whether Plaintiff established her burden under Massachusetts's heeding presumption; both parties agree that the questions of exposure to diethylstilbestrol ("DES") or product identification were not in contention.[1]  See Def's Opp., Docket Entry No. 25, at 1-2. Both Plaintiff and Defendant agree that the Court found for Plaintiff regarding the heeding presumption.  See Def's Opp., Docket Entry No. 25, at 3.  Defendant concedes Plaintiff's grounds for reconsideration as stated in Plaintiff's Motion for Reconsideration.

Defendant's only response is to re-argue the peripheral issue of whether the Court accurately applied the heeding presumption.  The Plaintiff believes the Court has; the Defendant does not.  The Defendant now wishes to treat Plaintiff's Motion for Reconsideration as its own motion for reconsideration to cause the Court to reverse itself.  However, the Defendant had a Motion for Summary Judgment and a Reply to state and reiterate that position, and the Court still found against it.  Defendant's Sur-Reply adds nothing to the decisional process.

---

[1] Plaintiff also demonstrated in her Motion for Reconsideration that discovery had adduced sufficient facts on those issues that summary judgment would have been improper even if those issues were in contention.

As of Plaintiff's Reply in Support of Her Motion For Reconsideration, the Court had heard from both Plaintiff and Defendant three times each regarding the "heeding presumption." Each time, Defendant made the same argument: that DES was a "historical oddity" and therefore Plaintiff needs to provide a prerequisite piece of evidence before the heeding presumption applies.  Defendant's Sur-Reply repeats this same contention, which this Court rejected after Defendant's prior Motion for Summary Judgment and its Reply in Support of Summary Judgment.  Defendant now wishes to restate the same arguments a fourth time on the excuse that Plaintiff's cases require distinguishing.

Defendant claims as its basis that "Plaintiff now broadly attempts to argue that Lilly should be responsible for any information in the marketplace regarding DES."  Mtn. for Leave at 1.  Plaintiff has made no new argument in her Reply that she did not make in her Motion for Reconsideration.  Plaintiff set forth in her Motion for Reconsideration that the Court correctly applied the heeding presumption because "Massachusetts law only requires that the warnings for the drug taken be considered" (the heading for subpart III-A) and "the heeding presumption allows a jury to assume a doctor would read a warning in the absence of affirmative evidence that he would ignore such a warning" (the heading for subpart III-B).  However one characterizes Plaintiff's arguments, they are not new and do not merit a Sur-Reply.

Defendant's repeated argument is that the heeding presumption requires some form of prerequisite evidence when the drug is "generic."  Defendant has provided no cases supporting that assertion; the argument is solely from the fact that there are very few cases which address the heeding presumption and generic drugs at all, and there are no Massachusetts cases which definitively address the heeding presumption and DES.  Between Plaintiff and Defendant, the parties have found one Massachusetts case that addresses the issue of generic drugs: <u>Kelly v.</u>

<u>Wyeth</u>, Opinion No. 97845, 2007 Mass. Super. LEXIS 136 at *18-19 (Mass. Super. Apr. 12, 2007), which found a generic manufacturer liable when the name brand drug was prescribed.

The thrust of Plaintiff's Motion for Reconsideration, which Defendant does not dispute, is that only the issue of the heeding presumption was before the Court, and the Court decided that issue in Plaintiff's favor. That argument is the only one which has not been briefed repeatedly by both parties, and that argument is not in dispute. All the cases and arguments relevant to the motion are before the Court absent the Sur-Reply. The Court needs no further guidance from either party as to the applicable law of Massachusetts.

WHEREFORE, Defendant's Motion for Leave to File a Sur-Reply should be DENIED.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES

        /s/ Aaron M. Levine
Aaron M. Levine, DC #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
COUNSEL FOR PLAINTIFF